Peter A. Davidson (SBN 76194)
pdavidson@ecjlaw.com
ERVIN, COHEN & JESSUP LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Stephen J. Donell, Receiver

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., its subsidiaries and affiliates,<br>　　　　Plaintiff,<br>　v.<br>SANDRA RAYMER,<br>　　　　Defendant. | CASE NO. 10 CV 1183 JM   WVG<br><br>COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND RECOVER PROPERTY TRANSFERRED; FOR UNJUST ENRICHMENT AND RESTITUTION |

Plaintiff Stephen J. Donell ("Receiver"), receiver for Learn Waterhouse, Inc. and its subsidiaries and affiliates ("LWI"), avers as follows:

### I.

### INTRODUCTION

1. Learn Waterhouse, Inc., was a purported investment company created by Randall T. Treadwell.

///

2. Beginning in approximately December 2003 Learn solicited investments from individuals on promises of enormous returns of as much as ten percent per month.

3. Certain individuals, known as Senior Member Representatives ("SMRs"), acted as salespeople, bringing in investors and, in turn, received commissions and/or enhanced returns on their own investments.

4. Other early investors ("Participants") received a substantial amount of money as purported returns on their investments.

5. LWI was extremely successful in attracting investors and received approximately $84,000,000 in investments.

6. LWI and several of its principles are defendants in an enforcement action commenced in this Court by the Securities and Exchange Commission ("SEC") on October 12, 2004, entitled *Securities and Exchange Commission v. Learn Waterhouse, Inc., et. al.,* Case No. 04-CV-2037-W(LSP) ("SEC Action").

7. The SEC alleges in its complaint that LWI was a Ponzi scheme operated in violation of federal securities laws.

8. On November 1, 2004 Thomas F. Lennon ("Lennon") was appointed receiver for LWI in the SEC Action.

9. On November 4, 2009 Stephen J. Donnell was appointed as successor receiver for LWI in the SEC Action.

## II.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the SEC Action pursuant to sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b), 77t(d)(1) and 77v(a), and sections 21(d)(1),(21)(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78(u)(1), 78(u)(d)(1), 78u(d)(3)(A), 78U(e) and 78aa.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367 and because this action is ancillary to the SEC Action and the receivership pending before this Court.

12. This action involves the same series of transactions as the SEC Action.

13. Venue is proper in this district, because this action is ancillary to the SEC Action and the receivership currently pending before this Court.

## III.
## THE PARTIES

14. The Receiver is the duly appointed and acting permanent receiver of LWI, its subsidiaries and affiliated entities. The Receiver was appointed by order of the United States District Court, Southern District of California in the SEC Action.

15. Sandra Raymer ("Defendant") is an individual who resides, on information and belief, in Gibsonville, South Carolina.

## IV.
## GENERAL ALLEGATIONS

A. **THE SEC ACTION**

16. On October 12, 2004, the SEC filed a complaint against LWI, Randall T. Treadwell, ("Treadwell") Rick D. Sluder ("Sluder"), Larry C. Saturday ("Saturday") and Arnulfo M. Acosta ("Acosta"), accompanied by an Emergency Ex Parte Application for Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Appointing a Receiver; (4) for Accounting; (5) for Repatriation of Assets; and (6) Order to Show Cause Re Preliminary Injunction ("TRO").

17. The Complaint alleges that the Defendants (1) engaged in the offer and sale of unregistered securities in violation of Section 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), and (2) committed fraud in the offer and sale of securities in violation of Section 17(a) of the Securities Act, and (3) committed

1 | fraud in connection with the purchase and sale of securities under Section 10(b) of
2 | the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.
3 |     18. The Court issued a TRO and an Order to Show Cause why the TRO
4 | should not be converted into a Preliminary Injunction and why the appointment of a
5 | receiver should not become permanent.
6 |     19. On November 1, 2004, the Court issued a Preliminary Injunction Order,
7 | which continued in effect the terms of the TRO and converted the receiver's
8 | temporary appointment to that of a permanent receiver.
9 |     20. On September 8, 2005, Treadwell, Sluder, Saturday and Acosta were
10 | indicted on federal criminal charges of conspiracy and wire fraud. These criminal
11 | proceedings were designated as United States District Court, Southern District of
12 | California Case No. 05 CR 1570 W.
13 |     21. In light of the criminal indictment against him, on September 21, 2005,
14 | Treadwell filed a motion to stay the civil case pending the conclusion of the criminal
15 | proceedings.
16 |     22. The Court granted Treadwell's motion for a stay, but ordered that the
17 | receivership continue and that the terms of the Preliminary Injunction remain in
18 | effect, except those provisions which require the defendants to furnish information
19 | or records to the SEC or Receiver.
20 |     23. On April 27, 2006 the Court held the stay applied to the receiver's
21 | efforts to recover funds from Participants or others based on LWI's wrongdoing.
22 |     24. The indictment charged, among other things, that Treadwell and his co-
23 | conspirators intentionally concealed from investors that new investor funds would
24 | be used to pay back earlier investors.
25 |     25. The indictment also charged that Treadwell and others caused Cash
26 | Cards International, LLC to transfer investor funds received from Acosta's attorney-
27 | client trust account back to the same investors, or earlier investors, as ostensible
28 | periodic returns on investments.

ERVIN COHEN & JESSUP LLP

26. On June 17, 2008 Treadwell and others were found guilty of conspiracy and wire fraud as charged in the indictment.

27. Following the conviction of all defendants, the stay was lifted on January 12, 2009.

28. On March 20, 2009, the Court granted the SEC's motion for summary judgment and entered a judgment of permanent injunction against the individual defendants in the civil case.

**B.  OPERATION LWI**

29. Treadwell, with the aid of Sluder, Saturday and Acosta, through the operation of LWI and affiliated entities, including Wealth Builders Club, Inc. and Quest International, Inc., solicited money from members of the public ostensibly for participation in high-yield trading programs and venture capital investments.

30. Certain investors, generally those that invested in LWI early on, were recruited or invited by the defendants to become SMRs.

31. SMRs solicited the participation of other investors and were often paid commissions or referral fees in addition to the disbursements on their own investments. Essentially, SMRs acted as sales agents of LWI.

32. Participants who invested in the early stages of LWI often received substantial disbursements, as purported returns on their investments.

33. The funds obtained by the SMRs and Participants consist of (1) amounts transferred directly to them from LWI and (2) amounts transferred to a company known as Cash Cards International, LLC ("Cash Cards") and then withdrawn by the SMRs and Participants from their accounts at Cash Cards.

34. LWI was a Ponzi scheme in which very little of the money obtained from investors was invested in any legitimate investments, and any amounts paid to Participants and SMRs were paid from other investors' funds.

35. LWI's only source of revenue was funds from investors.

36. As a result of the Ponzi scheme perpetrated by LWI and its principles, LWI investors lost millions of dollars.

C. **SANDRA RAYMER**

37. Defendant obtained funds derived from the Ponzi scheme well in excess of the amount she invested with LWI.

38. The prior receiver, Lennon, demanded the return of these funds from Defendant.

## FIRST CLAIM FOR RELIEF

### (For Avoidance of and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.04(a)(1))

39. The Receiver reavers and incorporates by this reference paragraphs 1 through 38, above, as though set forth herein in full.

40. Defendant, Sandra Raymer, invested in the LWI investment program.

41. Defendant invested $47,000.00 (hereinafter "Principal Investment").

42. Defendant received payments from LWI and/or related entities on her investment totaling $248,375.00.

43. As a result of the payments made to her, Defendant received $201,375.00 more than her Principal Investment.

44. Some payments made to Defendant were directed to entities owned or controlled by Defendant, including Music International and/or MUSC International.

45. The payments made to Defendant by LWI and/or its related entities were made with the actual intent to hinder, delay or defraud investors in the LWI investment program.

46. Investors in the LWI investment program who did not receive back all of their principal investment are creditors of LWI.

47. LWI presently has one or more creditors whose claim arose either before or after the payments to Defendant on her investment in excess of Defendant's Principal Investment.

48. The payments made to Defendant over Defendant's Principal Investment are avoidable by the Receiver under applicable law, including California Civil Code Section 3439.04(a)(1).

49. The Receiver is entitled to damages from Defendant in a sum of not less than $201,375.00 with interest as provided by law from the date of each payment exceeding Defendant's Principal Investment.

## SECOND CLAIM FOR RELIEF

### (For Avoidance of and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.04(a)(2))

50. The Receiver reavers and incorporates by this reference paragraphs 1 through 38, 40 through 44, 46 and 47, above, as though set forth herein in full.

51. The payments made to Defendant in excess of Defendant's Principal Investment were made without Defendant giving a reasonably equivalent value to LWI in exchange for the payments.

52. At the time the payments were made to Defendant in excess of Defendant's Principal Investment, LWI was engaged in or were about to engage in a business or transaction for which LWI's remaining assets were unreasonably small in relation to the business transaction.

53. At the time the payments were made to Defendant in excess of Defendant's Principal Investment LWI believed or reasonably should have believed it would incur debts beyond its ability to pay them as they became due.

54. LWI presently has one or more creditors whose claims existed prior to the payments to Defendant in excess of Defendant's Principal Investment.

55. LWI presently has one or more creditors whose claims arose after the payment to Defendant in excess of Defendant's Principal Investment.

///

///

56.     The payments to Defendant in excess of Defendant's Principal Investment are avoidable by the Receiver under applicable law, including California Civil Code Section 3439.04(a)(2).

57.     The Receiver is entitled to damages from Defendant in a sum of not less than $201,375.00, with interest as provided by law from the date of each payment in excess of Defendant's Principal Investment.

## THIRD CLAIM FOR RELIEF

### (For Avoidance of an Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.05)

58.     The Receiver reavers and incorporates by this reference paragraphs 1 through 38, 40 through 44, 46 and 47, above, as though set forth herein in full.

59.     The payments made to Defendant in excess of Defendant's Principal Investment were made without Defendant giving a reasonably equivalent value to LWI in exchange for the payments.

60.     At the time the payments were made to Defendant in excess of Defendant's Principal Investment LWI was insolvent.

61.     LWI presently has one or more creditors whose claims existed prior to the payments to Defendant in excess of Defendant's Principal Investment.

62.     The payments to Defendant in excess of Defendant's Principal Investment are avoidable by the Receiver under applicable laws, including California Civil Code Section 3439.05.

63.     The Receiver is entitled to damages from Defendant in a sum of not less than $201,375.00, with interest as provided by law from the date of each payment in excess of Defendant's Principal Investment.

///

///

///

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment/Restitution)

64. The Receiver reavers and incorporates by this reference paragraphs 1 though 38, 40 through 44, 46 and 47, above, as though set forth herein in full.

65. Defendant received at least $201,375.00 in payments from LWI, in excess of amounts she invested.

66. The funds received by Defendant were the proceeds of LWI's Ponzi scheme, and were paid from monies obtained from other investors in LWI.

67. As a result, Defendant has profited from the operation of LWI's fraudulent scheme. If permitted to retain the transferred funds, Defendant would be unjustly enriched at the expense of the numerous LWI investors that, in the aggregate, have lost millions of dollars.

68. As a proximate result of her actions alleged herein, Defendant has received a benefit to which she was not entitled. Defendant therefore has been unjustly enriched, and the Receiver is entitled to restitution in the amount of $201,375.00.

COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND RECOVER
PROPERTY TRANSFERRED; FOR UNJUST ENRICHMENT RESTITUTION

## PRAYER

WHEREFORE, the Receiver prays as follows:

1. For judgment against Defendant, Sandra Raymer, for $201,375.00.
2. For interest at the legal rate on the amount of the fraudulent transfers from the date of the transfers.
3. For costs.
4. For such other and further relief as the Court deems appropriate.

Dated: May 26, 2010

Respectfully submitted,

ERVIN COHEN & JESSUP LLP

By: _____
PETER A. DAVIDSON,
Attorneys for Stephen J. Donell,
Receiver

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and am not a party to the within action. My business address: 9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212-2974.

On **June 1, 2010**, I served the document(s) described as:
**CIVIL COVER SHEET; SUMMONS IN CIVIL ACTION; NOTICE OF RELATED CASE; COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND RECOVER PROPERTY TRANSFERRED; FOR UNJUST ENRICHMENT AND RESTITUTION**, on the interested parties in said action by enclosing the document(s) in a sealed envelope addressed as follows:

Sandra Raymer
9683 Kerr Chapel Rd.
Gibsonville, SC 27249

☒ **BY MAIL:** I caused such envelope(s) with postage thereon, fully prepaid, to be placed in the United States mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☐ **BY FEDERAL EXPRESS/EXPRESS MAIL:** I caused said document(s) to be sent via Federal Express / Express Mail for next business day delivery.

☐ **BY FACSIMILE:** I caused said document(s) to be sent via facsimile.

☐ **BY EMAIL:** I caused said document(s) to be sent via email.

☐ **ELECTRONICALLY MAILED:** Said document(s) were electronically served on the person(s) as indicated on the attached Notice of Electronic Filing.

☐ **BY TELEPHONIC COMMUNICATION:** I telephoned the interested parties and gave notice as indicated in my declaration.

☐ **BY PERSONAL SERVICE:** I caused said document(s) to be delivered to the addressees listed on the attached Service List.

☐ **[State]** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **[Federal]** I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **June 1, 2010**, at Los Angeles, California.

/s/ SHARON RAWANA

IDOCS:13326.5:1053968.1

**JS 44** (Rev. 12/07)  CIVIL COVER SHEET

Case 3:10-cv-01183-W-CAB Document 1 Filed 06/02/10 PageID.12 Page 12 of 14

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEPHEN J. DONELL, PERMANENT RECEIVER FOR LEARN WATERHOUSE, INC., its Subsidiaries and Affiliates,

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter A. Davidson (SBN 76194) Ervin Cohen & Jessup LLP, 9401 Wilshire Blvd., 9th Fl., B.H., CA 90212; Tel: 310-273-6333

## DEFENDANTS
SANDRA RAYMER

FILED
10 JUN -2 AM 10:17

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'10 CV 1183 JM  WVG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331 MTB
Brief description of cause:
Recover Fraudulent Transfers

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $201,375.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Thomas J. Whelan
DOCKET NUMBER 04-CV-2037-W

DATE 6-2-2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 14132  AMOUNT $350  6/2/10 PH  APPLYING IFP  JUDGE  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS014132
Cashier ID: bhartman
Transaction Date: 06/02/2010
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
----------------------------------
CIVIL FILING FEE
 For: DONELL V RAYMER
 Case/Party: D-CAS-3-10-CV-001183-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 89956
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

There will be a fee of $45.00 charged for any returned check.